UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:12-CR-00212 |
| ) | Judge Campbell |
| RONALD STEPHEN THACKER, ) | |
| ) | |
| Defendant. ) | |

# **FINAL ORDER OF FORFEITURE**

WHEREAS, on January 29, 2014, this Court entered an Amended Preliminary Order of Forfeiture as to Defendant Ronald Stephen Thacker (D.E. 39) ordering Defendant Ronald Stephen Thacker to forfeit the following property:

> any property, constituting or derived from, proceeds he obtained directly or indirectly as a result of such violation(s) and all counterfeits of any coins or obligations or other securities of the United States, or any articles, devices, and other things made, possessed or used in violation of the alleged offenses, or any material or apparatus used or fitted or intended to be used, in the making of such counterfeits, articles, devices or things, found in the possession of any person without authority from the Secretary of Treasury or other property officer, including but not limited to:
>
> (1)  HP PSC 1510 All in One printer/scanner/copier bearing serial number Q5880A and recovered at the Executive Inn, 903 Murfreesboro Road, Nashville, Tennessee;
>
> (2)  Counterfeit detector pen recovered at the Executive Inn, 903 Murfreesboro Road, Nashville, Tennessee;
>
> (3)  HP Pavilion computer with serial number MX20465309; and
>
> (4)  Vivera printer/scanner with serial number CN84SDG09J

(hereinafter collectively referrred to as "Subject Property").

WHEREAS, the United States caused to be published notice of this forfeiture and of the intent of the United States to dispose of the Subject Property in accordance with the law and as specified in the Preliminary Order, and further notifying all third parties of their right to petition the Court within thirty (30) days of the final publication of notice for a hearing to adjudicate the validity of their alleged legal interest in the property was advertised on-line at "www.forfeiture.gov," the official internet government forfeiture site, for 30 consecutive days beginning on February 4, 2014 and ending on March 5, 2014; and

WHEREAS, there are no other persons or entities known which would require direct notice of this forfeiture action pursuant to 21 U.S.C. § 853(n);

WHEREAS, no timely petition has been filed; and

WHEREAS, the Court finds that the defendant had an interest in the Subject Property which is subject to forfeiture pursuant to 18 U.S.C. § 982(a)(2)(B) and pursuant to 18 U.S.C. § 492 and 28 U.S.C. § 2461(c); and

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Subject Property is hereby forfeited to the United States of America pursuant to 18 U.S.C. § 982(a)(2)(B) and pursuant to 18 U.S.C. § 492 and 28 U.S.C. § 2461(c).

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all right, title and interest to the Subject Property is hereby condemned as to the defendant and as to any third party interest, and all right, title and interest to the Subject Property is hereby forfeited and vested in the United States of America, and the Subject Property shall be disposed of according to law;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that upon entry of this Final Order of Forfeiture or prior to the disposal the Subject Property or upon a determination by the agency that the Subject Property or its contents are no longer necessary for trial in this matter the Subject Property shall be wiped clean of all information.

IT IS FURTHER ORDERED that the United States District Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

SO ORDERED this _____ day of _____, 2014.

_____
JUDGE CAMPBELL
United States District Judge